UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL FREDERICKS,

                          Plaintiff,                     Case No.: 11-CV-10810

                                              Honorable David M. Lawson

         v.                            Magistrate Judge David R. Grand

MICHIGAN DEPARTMENT
OF CORRECTIONS,

                           Defendant.

_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
### MOTIONS FOR DECLARATORY JUDGMENT [29, 32]
### AND MOTION FOR JUDGMENT AS A MATTER OF LAW [ 34]

        Plaintiff Nigel Fredericks has filed a "Motion for Declaratory Judgment and Remedial Injunction Order" [29], a "Motion for Declaratory Judgment" [32] and a "Motion for Judgment as a Matter of Law" [34] in his case against the Michigan Department of Corrections ("MDOC"). The motions have been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.     RECOMMENDATION**

        For the following reasons, the court RECOMMENDS that Fredericks' two motions for declaratory judgment [29 and 32] and his motion for judgment as a matter of law [34] be DENIED.

**II.    REPORT**

        In this court's January 9, 2012 Report and Recommendation to grant the MDOC's motion to dismiss, it explained that the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *See* Doc. #60, pp. 8-9. The court found that the sole defendant in this action – the MDOC – enjoys Eleventh

Amendment immunity from Fredericks' suit for monetary damages.[1]  *Id.*  Since the MDOC is immune from Fredericks' federal suit, Fredericks cannot, as a matter of law, be entitled to a judgment against the MDOC for the monetary damages he seeks.  *Id.*  Accordingly, the court recommends that Fredericks' motions for declaratory judgment [29, 32] and motion for judgment as a matter of law [34], which merely restate the allegations in this complaint and seek monetary damages, be denied.

## III.   CONCLUSION

For the foregoing reasons, the court RECOMMENDS that the district court DENY Fredericks' Motion for Declaratory Judgment and Remedial Injunction Order [29], DENY his Motion for Declaratory Judgment [32], and DENY his Motion for Judgment as a Matter of Law [34].

Dated: February 21, 2012             s/David R. Grand
Ann Arbor, Michigan                  DAVID R. GRAND
                                     United States Magistrate Judge

### <u>NOTICE</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific

---

[1] Although Fredericks captions two of his instant motions as ones for "declaratory judgment" and "remedial injunction order" [29, 32], the motions make clear (as does his complaint, Doc. #1, p. 14) that he seeks only monetary damages.  *See* Doc. #29, p. 3 (requesting "A) Compensatory damages in the amount of $20,000…B) Punitive damages in the amount of $20,000…C) Interest from 2008 until now at 6% on the sum of $878.04…D) Reimbursement of fees and cost totaling $350…"); Doc. #32 (same); Doc. #34 (same).  Accordingly, the fact that Michigan's sovereign immunity may have been abrogated with respect to claims for prospective injunctive and declaratory relief, *see Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir.2002), is irrelevant to Fredericks' instant motions.

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager