UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL FREDERICKS,

                    Plaintiff,                       Case Number 11-10810

v.                                           Honorable David M. Lawson

                                               Magistrate Judge David R. Grand

MICHIGAN DEPARTMENT OF CORRECTIONS,

                    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT, DECLARATORY JUDGMENT, INJUNCTION, AND SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING COMPLAINT

The case is before the Court on objections filed by the plaintiff to reports issued by Magistrate Judge David R. Grand recommending that the defendant's motion to dismiss be granted and the plaintiff's various motions for judgment and other relief be denied. Plaintiff Nigel Fredericks is a Michigan prisoner. He received life insurance proceeds through the Veteran Administration from his father's Servicemembers' Group Life Insurance Policy; the proceeds were deposited into his prison account. In his complaint, the plaintiff alleges that the Michigan Department of Corrections (MDOC) unlawfully withdrew money from his account in violation of the Servicemembers' Group Life Insurance Act (SGLIA), 38 U.S.C. § 1970, and that the withdrawal constituted an unlawful taking in violation of the Fifth Amendment. The case was referred to Judge Grand to conduct all pretrial proceedings. The defendant filed a motion to dismiss raising several issues, including sovereign immunity. The plaintiff filed motions for summary judgment, for declaratory judgment and remedial injunctive relief, for declaratory judgment, and for judgment. On January 9, 2012, Judge Grand filed his report recommending that the Court grant the defendant's

motion to dismiss and deny the plaintiff's motion for summary judgment. On February 21, 2012, Judge Grand filed a report recommending that the plaintiff's other motions be denied. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review.

The facts and proceedings are familiar to the parties and were set forth adequately by the magistrate judge; they need not be repeated here. Based on the record in this Court, it appears that the State seized the money in the plaintiff's prison account under the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.401-.407. Under that statute, the state attorney general may bring an action to recover from the prisoner's assets up to 90% of the cost of care and confinement of a state prisoner. Mich. Comp. Laws §§ 800.403, .404. "Assets" are defined to include retirement and annuity benefits, including Veteran's compensation. Mich. Comp. Laws § 800.401a(a).

The plaintiff contends that the State's withdrawal of his father's life insurance proceeds violates the anti-alienation provision in SGLIA. A section of that legislation states:

> Any payments due or to become due under Servicemembers' Group Life Insurance or Veterans' Group Life Insurance made to, or on account of, an insured or a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 1970(g). The plaintiff alleges in his complaint that the seizure of his funds amounts to an unlawful taking under the Fifth Amendment, and he has sued under 42 U.S.C. § 1983 to recover the funds.

The plaintiff attempted to litigate a similar issue in the Monroe County, Michigan circuit court. As the magistrate judge explained, the plaintiff was unsuccessful. In its motion to dismiss, the State argues that the plaintiff's claims are barred by the statute of limitations and the *Rooker-*

-2-

*Feldman* doctrine. The magistrate judge correctly rejected those arguments, and the defendant has not objected to that part of the recommendation. However, the State also raised the defense of sovereign immunity under the Eleventh Amendment, a claim the magistrate judge found meritorious.

In response to the defendant's motion to dismiss, the plaintiff also asked for leave to amend his complaint to add as a defendant the prison facility manager D.L. Lance in his official and individual capacities. The magistrate judge on his own decided that the Monroe County decision had preclusive effect and denied the plaintiff's motion to amend as futile. As noted earlier, the magistrate judge also recommended that the case be dismissed as barred by the Eleventh Amendment. The magistrate judge in a second report also recommended that the plaintiff's various motions for affirmative relief and judgment be denied based on the Eleventh Amendment as well.

The plaintiff filed timely objections. He criticizes the magistrate judge's adjudication of his motion to amend on the ground of claim preclusion when that defense was not raised by either party in the case. He also contests the application of the Eleventh Amendment, insists that the State consented to waive that defense by appearing and defending the action in this Court, and argues that Congress abrogated the State's immunity when it enacted SGLIA. He also objects to the denial of his various motions for judgment.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are

-3-

2:11-cv-10810-DML-DRG   Doc # 67   Filed 03/30/12   Pg 4 of 9   Pg ID 491

too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).  "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  The Eleventh Amendment unquestionably applies to the MDOC.  As the Sixth Circuit has explained:

> The Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued, and the State of Michigan has not done so here.  Because sovereign immunity extends to "state instrumentalities," and the MDOC is "an arm of the State of Michigan," the MDOC is entitled to sovereign immunity on the § 1983 claim as well.

*McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010) (citations omitted).

There is some tension between the doctrine of sovereign immunity and the provisions of the Fifth Amendment's Takings Clause.  That clause — ". . . nor shall private property be taken for public use, without just compensation," U.S. Const. amend. V — has been made applicable to the states through the Fourteenth Amendment.  *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897)).  The Clause has been described as "self-executing," requiring states to provide a remedy whenever interference with property rights amounts to a taking.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 527 (6th Cir. 2004) (citing *First English Evangelical Lutheran Church of Glendale v. Cnty. of Los Angeles*, 482 U.S. 304, 316 n.9 (1987)).

The Sixth Circuit has attempted to avoid a collision of the states' obligation to citizens in takings cases with the states' own sovereign immunity under the Eleventh Amendment.  In *DLX,*

-4-

*Inc. v. Kentucky*, the court determined that for takings cases against a state, the Eleventh Amendment closes the door only to the federal forum. The court explained, "where the Constitution requires a particular remedy, such as through the Due Process Clause for the tax monies . . . , or through the Takings Clause . . ., the state is required to provide that remedy in its own courts, notwithstanding sovereign immunity." 381 F.3d at 528. In reaching that conclusion, the court relied on *Reich v. Collins*, 513 U.S. 106 (1994), which "explicitly holds that the requirement of a remedy for unconstitutional taxes does not trump 'the sovereign immunity States enjoy in *federal* court, under the Eleventh Amendment.'" *DLX*, 381 F.3d at 527 (citation omitted).

Based on that precedent, the Court concludes that the Eleventh Amendment bar will apply to a suit in federal court seeking "just compensation" under the Takings Clause. The plaintiff's case here is just such a suit. There are but three instances when the Eleventh Amendment stands as no obstacle to a suit against the state or one of its agencies: (1) when the state has consented to the suit; (2) when the exception in *Ex Parte Young* applies; and (3) when Congress properly has abrogated states' immunity through specific legislation. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

One of the plaintiff's objections is to the magistrate judge's finding that the State has not consented to suit. That objection lacks merit. The State's consent cannot be implied in this case from the act of appearing in the lawsuit and contesting it. In cases of consent, waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Waiver of sovereign immunity will be found only "if the [s]tate voluntarily invokes [federal] jurisdiction, or else if the [s]tate makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." *Coll. Sav.*

*Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999) (citations omitted). The Sixth Circuit has observed that "[t]his is a high standard to meet, as courts 'will give effect to a [s]tate's waiver of Eleventh Amendment immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.'" *VIBO Corp., Inc. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012) (quoting *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990) (internal citations, quotation marks, and alteration omitted)). The plaintiff has not achieved that high standard here.

The plaintiff also contends that Congress abrogated the State's sovereign immunity by enacting SGLIA. That argument must be rejected as well. "Congress can abrogate Eleventh Amendment immunity only under its Section 5 power to enforce the Fourteenth Amendment." *Kovacevich*, 224 F.3d at 817. Abrogation cannot be found unless Congress "unequivocally expresse[d] its intent to abrogate the immunity." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). In addition, the court must find that Congress's exercise of its power under section 5 was valid. *Ibid.* The Sixth Circuit has explained that "appropriate Section 5 legislation [is] legislation that: 1) may be regarded as an enactment to enforce the equal protection clause; 2) is plainly adapted to that end; and 3) is not prohibited by but is consistent with the letter and spirit of the Constitution." *Kovacevich*, 224 F.3d at 817 (citing *Katzenbach v. Morgan*, 384 U.S. 641, 651 (1966)).

Congress has not offered even a hint of a suggestion in SGLIA that it intended to abrogate a state's sovereign immunity. And even if it did, there are no legislative findings sufficient to support the required determination of "a pattern of discrimination by the States which violates the Fourteenth Amendment." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). The

plaintiff, therefore, has not shown either of the two requisites to demonstrate abrogation of the State's Eleventh Amendment immunity by Congress through SGLIA.

The plaintiff also objects to the magistrate judge's treatment of his request to amend his complaint to add as a defendant the prison facility manager. The plaintiff has a legitimate gripe against the magistrate judge's entertainment of a defense — in this case, claim and issue preclusion — when the defendant never raised it and the record is undeveloped. "Courts generally lack the ability to raise an affirmative defense *sua sponte*." *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003) (citing *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*)). "Res judicata and collateral estoppel are affirmative defenses that must be pleaded." *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).

On the other hand, amendments to pleadings may be rejected on the ground of futility. *See Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 556 (6th Cir. 2011). And federal courts have a duty to screen cases under the Prisoner Litigation Reform Act (PLRA) and to dismiss the complaint if it is "frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

The plaintiff's proposed amendment would add D.L. Lance, the prison facility manager, as a defendant in his official and individual capacities. The theory of liability against Lance appears to be that although he did not take the plaintiff's money, he allowed it to occur. Such a claim could not succeed, however, because Lance would be immune from suit in his official capacity, and the amended complaint would not state a viable claim against Lance in his individual capacity.

-7-

It is well settled that "an official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Consequently, the Eleventh Amendment would bar an official capacity suit against Lance.

The theory of liability against Lance in his individual capacity suggests that the plaintiff seeks to hold the prison facility manager liable for the actions of others. However, "[a]llegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute 'only for their own unconstitutional behavior.'" *Colvin*, 605 F.3d at 292 (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). The "mere failure to act" is not enough; "the supervisors must have actively engaged in unconstitutional behavior." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (citation and quotation marks omitted).

Because the plaintiff's proposed amendment would not survive screening under the PLRA, his objections based on the magistrate judge's refusal of his amendment must be overruled.

The Court's *de novo* review of defendant's and plaintiff's motions leads the Court to agree with the recommendations of the magistrate judge. The Court finds that the plaintiff's objections are without merit. The lawsuit must be dismissed.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations [dkt #60, 65] are **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the reports and recommendations [dkt #62, 63, 66] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #17] is **GRANTED**.

-8-

It is further **ORDERED** that the plaintiff's motions for summary judgment, for declaratory judgment and remedial injunctive relief, for declaratory judgment, and for judgment [dkt. # 14, 29, 32, 34] are **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---